UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOYCINTH V. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:09cv284 |
| | ) | |
| A.W. HOLDINGS, LLC., | ) | |
| a/k/a ANTHONY WAYNE SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on an "Amended Motion to Vacate or To Set Aside Judgment" filed by the plaintiff, Joycinth V. Jones ("Jones"), on March 15, 2011. Jones is proceeding pro se. The defendant, A.W. Holdings, LLC a/k/a Anthony Wayne Services ("AWS"), responded to the motion on March 24, 2011. On May 9, 2011, Jones filed her amended reply.

For the following reasons, the motion will be denied.

Discussion

On February 7, 2011, this court entered an order granting summary judgment in favor of AWS. In that order, this court held that Jones was an independent contractor in her position as a Behavioral Clinician and therefore could not pursue race or national origin claims under Title VII. As the court noted, the undisputed evidence in this case shows that Jones entered into an Independent Contractor Agreement ("Agreement") with AWS on September 11, 2007 and that on February 8, 2008, AWS exercised its termination right under the Agreement by sending Jones a 30-day termination notice. This court rejected Jones' argument that, under the economic realities test, she was considered an employee rather than an independent contractor. The court

also entered summary judgment in AWS' favor on Jones' race discrimination claim under § 1983 finding that (1) Jones could not establish her prima facie case because she was unable to show that AWS treated similarly situated independent contractors-behavioral clinicians more favorably than she and (2) AWS presented a legitimate, non-discriminatory reason for terminating the Agreement under the terms agreed to by the parties, such that Jones' termination was not a pretext for race discrimination. Finally, the court granted summary judgment to AWS on Jones' §1981 retaliation claim. In the February 7, 2011 Order, this court specifically rejected Jones' argument that AWS did not provide her with the necessary forms in connection with her job and that non-minorities were provided with the requisite forms.

As Jones is proceeding pro se, there is a bit of confusion concerning whether she is seeking relief under Rule 59(e) or Rule 60(b). The court will consider both Rules. AWS argues that Jones is not entitled to relief from judgment under either rule.

To prevail on a motion to alter or amend judgment under Rule 59(e), Jones must "clearly establish" (1) that there has been a manifest error in law or fact; or (2) that newly discovered evidence precludes entry of judgment. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) ("Rule 59(e) does not provide a party with the opportunity to rehash old arguments or to argue previously rejected motions.") Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). Moreover, a party may not use Rule 59(e) to raise issues or evidence "that could and should have been presented to the district court prior to the judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). The manifest error which may be considered under Rule 59(e) means "wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court." Harrington, 433 F.3d at 546. ("Manifest error isn't demonstrated by the

disappointment of the losing party.") Oto, 224 F.3d at 606.

AWS argues that Jones has failed to articulate exactly how there may have been a manifest error in law or fact with respect to the grant of summary judgment in AWS' favor. AWS acknowledges that Jones' has argued that her counsel made no argument as to constructive discharge, but AWS points out that a review of the Complaint filed in this case demonstrates that at no time since the inception of this case was a constructive discharge claim ever pursued.

A party cannot tender a new legal theory in a motion to reconsider. Caisse Nationale De Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996); Rochey Diagnostics Corp. v. Bayer Corp., 247 F.Supp.2d 1065, 1068 (S.D. Ind. 2003). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." Osterneck v. Ernst and Whinney, 489 U.S. 169, 174 (1988). In the present case, constructive discharge would be a completely new legal theory which was not addressed or even raised in the Complaint and, therefore, any issues concerning constructive discharge would not be a valid basis for a motion to alter or amend judgment under Rule 59(e). Rochey, 247 F.Supp.2d at 1068. In any event, the evidence is that AWS terminated the Agreement, as it was entitled to do. A constructive discharge situation never existed.

Jones' has set forth several arguments relating to evidence she claims her counsel did not present to the court, which evidence she believes is important to her case. However, Rule 59(e) does not permit the presentation of new "evidence that could have been presented before judgment was entered." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008). Although Jones may have a disagreement as to the evidence her counsel submitted in opposition to the Motion for Summary Judgment, she presents no new evidence that would provide a basis for

overturning the prior ruling on summary judgment. This court agrees with AWS that Jones has not clearly established a basis to alter or amend judgment pursuant to Rule 59(e).

Jones also seeks relief under Rule 60(b) which provides in part as follows:

(b) Grounds for Relief From a Final Judgment, Order, of Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

Relief under Rule 60(b) "is to be used to disturb the finality of judgments only on narrow grounds and upon a showing of exceptional circumstances." Smith v. Widman Trucking & Excavating, Inc., 627 F.2d 792,795 (7th Cir. 1980). Such relief is warranted "only upon a showing of extraordinary circumstances that create substantial danger that the underlying judgment was unjust. Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir.1986). A party's mere disagreement with a court's legal analysis does not warrant relief under Rule 60(b).

Jones appears to seek relief under Rule 60(b)(1) on the grounds that her counsel did not provide adequate representation throughout this case, and in responding to the Motion for Summary Judgment. However, it has been clearly held that an allegation concerning ineffective assistance of counsel does not fall under Rule 60(b)(1). Nemaizer v. Baker, 793 F.2d 58, 62 (2nd Cir. 1986) ("relief from counsel's error is normally sought pursuant to Rule 60(b)(1) on the theory that such error constitutes mistake, inadvertence or inexcusable neglect. But we have consistently declined to relieve a client under Subsection (1) of the 'burdens of a final judgment

4

entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or of the rules of the court, or his inability to efficiently manage his case load.'"); Sparrow v. Heller, 116 F.3d 204, 206 (7th Cir. 1997); Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000).

Rule 60(b)(2) relates to newly discovered evidence which, as already noted, is not an issue in this case.

With respect to Rule 60(b)(3), Jones has alleged fraud and/or misconduct on the part of Titus in his affidavit and AWS' counsel during Jones' deposition. Jones claims that Titus lied under oath in his affidavit, and that AWS' counsel mischaracterized portions of Jones' deposition testimony. Both of these allegations primarily center on whether Jones was provided the proper forms during her employment. Jones claims Titus lied about whether such forms even existed and whether the completion of forms was essential to the proper completion of work for AWS.

When a party seeks to set aside judgment on the grounds of fraud, misrepresentation, or other misconduct under Rule 60(b)(3), the burden is on the moving party to establish such fraud, misrepresentation, or other misconduct by clear and convincing evidence. Simons v. Gorsuch, 715 F.2d 1248, 1253 (7th Cir. 1983). In addition, Jones must show by clear and convincing evidence that she had a meritorious claim and that the opposing party's fraud, misrepresentation and misconduct prevented the case from being fully and fairly presented at trial. Lonsdorf v. Seefeldt, 47 F.3d 893, 897 (7th Cir. 1995); Arington v. County of DeKalb, 2006 WL 617965 *1-2 (N.D.Ind. 2006).

As AWS has correctly argued, Jones has failed to satisfy this high standard. Jones'

recounting of alleged conversations with former co-workers or other behavioral clinicians does not establish that Director Titus committed perjury in his Affidavit. This recounting of alleged conversations with others is not presented by way of affidavit or any other documentation and cannot be accepted. In any event, disagreements with regard to the forms between Titus and others does not equate to perjury on the part of Titus. With respect to her deposition testimony, Jones is incorrect in her assertion that her testimony was mischaracterized. The testimony was set forth by AWS' counsel exactly as it was recorded in the deposition. Jones now insists that her deposition was provided under "extreme emotional duress and anguish brought on by being forced to recall in detail the traumatic incidents which happened when she worked at AWS." Jones further states that "[i]t appears from the record that neither Plaintiff's counsel or the Defendant's counsel provided needed clarification to the court about the emotional state of the Plaintiff [during the deposition]." Clearly, if Jones mis-spoke at the deposition due to emotional stress, she should have indicated this in an errata sheet after reviewing and prior to signing her deposition. Parties are not permitted to avoid damaging deposition testimony by simply alleging emotional stress.

Jones has also asserted that the court made errors in its February 17, 2011 order. Jones claims that genuine issues of material fact exist, but acknowledges that "for the most part" they were not presented to the court at the summary judgment stage. However, Jones does not identify any genuine issues of material fact that were presented to the court that would preclude summary judgment. Jones also sets forth, in a rambling fashion, several reasons she believes the court erred in interpreting and applying the law in this case. Jones' arguments on this issue underscore her lack of understanding of the nature of summary judgment, the burden on the plaintiff in

bringing a discrimination case, the necessity of admissible evidence, and the applicable case law. If Jones continues to believe that errors have been made in this case, her recourse is to appeal to the Seventh Circuit Court of Appeals, not to attempt a do-over at the district court level. Accordingly, Jones' motion will be denied.

## Conclusion

On the basis of the foregoing, Jones' motion for new trial [DE 47] is hereby DENIED.

Entered: May 27, 2011.

                                                                             s/ William C. Lee
                                                                             William C. Lee, Judge
                                                                             United States District Court